Nott, J.,
delivered the opinion of the court:
The Supreme Court decided in Williamson’s Case (10 C. Cls. R., p. 50) that a military officer ordered to proceed to his home and there await orders is not “absent from duty with leave” within the meaning of the Act 3d March, 1863, (12 Stat. L., p. 731,) though the order was issued at his own request; and, on the contrary, that an officer ordered to a particular place, there to “await orders,” must remain at that place and continue as much under orders as though assigned to any ordinary military duty, and, hence, that he is entitled to full pay.
Notwithstanding the comprehensive terms of that decision, several questions are now presented by the Government in this, a kindred case.
The first objection raised is that it did not appear in the case before the Supreme Court that an officer thus ordered might designate his home in the first place, and change it at will afterward; in other words, that an officer ordered home to await orders might make his home ambulatory, and, by simply reporting from the places where he chanced to be, might in fact, though not in form, be free to go where he pleased, and be constructively awaiting orders while traveling on business or pleasure. We are not satisfied that any such latitude of duty appears in this case; and, on the contrary, we are inclined to think that such conduct in an officer would be a discreditable evasion of duty and a virtual disobedience of orders; and that a court should not sanction any such improper practice by holding it to be a thing which an officer has a legal right tó do.
The second objection raised by the Government is that, by General Orders of the War Department, (No. 289,1864,) “Officers serving on courts-martial, courts of inquiry, military commissions or boards, will not be allowed commutation of fuel and *693 quarters except by special orders of the War Department.” But this order of the Department must be restricted to the duties to which it in terms refers, and those duties it is manifest are both specific and temporary in their nature. To extend the order to the extent now claimed would be to take this part of the compensation of military officers entirely out of the hands of Congress and put it entirely within the control of the War Department. The Aot 28th July, 1866, (14 Stat. L., p. 332, § 37,) makes the Army Regulations a part of the law of the land, and by the regulations (1080, 1081) commutation was allowed to officers at stations without troops, or where serving without troops at posts where there are no public quarters which they can occupy; and the Supreme Court has decided that an officer thus awaiting orders was serving without troops.
The petition in this case seeks to recover commutation from the time that the officer left his post to proceed to his home, i. e., for the period while he was on the way. We are of the opinion that the recovery must be limited to the time the officer was at the station, as indicated on his arrival by his reporting for orders.
The judgment of the court is that the claimant recover of the defendants, for commutation of quarters for seven months, $252, and for commutatiou of fuel for the same period, $140; amounting, in the aggregate, to $392.